## DECEMBER, 1924.

LEONARD TODD V. THE STATE.

No. 8546.    Delivered Dec. 10, 1924.

Rehearing denied, Jan. 21, 1925.

1.—Aggravated Assault—Special Charges—Refusal of—Not Error.

Appellant was on trial for the offense of assault to rape, and was con·
victed of an aggravated assault.    Numerous special charges on the issue
of an assault to rape were refused.    Appellant has no cause for complaint.

2.—Same—Charge of Court—Complaint of—When Made.

Complaints of the charge of the court, must be made in writing and be
presented to the court before the charge is read to the jury, and also excepted
to at the time, or they will not be considered on appeal.    Such objections
presented for the first time in a motion for a new trial come too late.

3.—Same—Aggravated Assault—A Minor Can be Convicted.

In this case the evidence is ample to sustain the conviction, and the fact
that appellant was a minor at the time of the commission of the offense, is
no defense to a conviction, as was held in Hand v. State, supra.    See also
Ward v. State, 151 S. W. Rep. 1073.

Appeal from the District Court of Eastland County.    Tried below
before the Honorable E. A. Hill, Judge.

Appeal from a conviction for an aggravated assault, penalty, six
months in the county jail.

*Bishop & Bishop* of Gorman, Attorneys for appellant.

*Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant
State's Attorney, for the State.

LATTIMORE, JUDGE.—Appellant was indicted in the district court
of Eastland county for the offense of assault with ·intent to rape and
upon his trial was convicted of an aggravated assault, and his punish-
ment fixed at six months in the county jail.

The indictment contains two counts, each charging assault with intent
to commit rape by force and without the consent of the assaulted party.
We find in the record no exceptions to the charge of the court.    There
were three special charges asked each of which referred to an attempt
to present some phase of the law of assault to rape, but, appellant being

convicted only of aggravated assault, we deem it not necessary to discuss the refusal of said special charges. Complaints of the charge of the court presented for the first time in motion for new trial will not be considered by us. We do not deem the motion to quash the indictment to present any serious objection to the validity of that document. The only question before us is that of the sufficiency of the testimony. On its face the case is very similar to that of Hand v. State, 227 S. W. Rep., 1944. It is disclosed that appellant took the prosecutrix out into the country and there tried, by putting his arms around her and under her skirt, to have carnal knowledge of her. She testified that she hit him and fought him when he tried to do this, and that he fought her, too, and that he told her that she might as well submit to him, that he was going to do what he wanted to. Prosecutrix finally jumped out of the car and made her escape from him. The facts testified to by the young woman were not disputed. The only contention as to the sufficiency of the testimony is that appellant, being a minor, can not be convicted of an aggravated assault. We held contrary to this contention in Hand v. State, supra. See said case and the authorities cited also in Vard v. State, 151 S. W. —.

The judgment will be affirmed.

*Affirmed.*

### ON REHEARING.

LATTIMORE, Judge.—In a lengthy and well prepared motion appellant insists that the evidence does not support the conviction, and yielding to his urgent request we have again carefully considered each point involved. That there was an assault made upon the alleged injured party by appellant is beyond question. When he attempted to indulge in undue familiarity with her and she showed resistance, according to her testimony, they had what she called a regular man's fight, he beating and striking her with his hands and fists and she beating, biting and striking him with her hands and fists. His purpose in all that he did to her appears beyond question. He told her in substance that he never went with a girl except for an evil purpose, and whenever she saw him with a girl she might know what he was after and that that was what he wanted with her. The insertion of his hand beneath her dress and his attemped indecent assault upon her brings the case clearly within the rule laid down in the Hand case referred to in the original opinion. That he richly merited the punishment inflicted upon him and that this girl deserves the full protection of the law, is apparent from the record.

The motion for rehearing will be overruled.

*Overruled.*